The defendant, Anthony D. Bates, appeals from his conviction in the District Court of assault and battery on a family or household member, pursuant to G. L. c. 265, § 13M(a ). The defendant pursues two arguments on appeal: (1) the trial judge erred in allowing evidence of the defendant's prior bad acts, which included photographs of the victim from a previous alleged altercation with the defendant, and (2) the trial judge erred in declaring the defendant's grandmother to be a hostile witness and allowing the Commonwealth to lead and impeach her. We affirm.
Background. The jury could have found the following facts. In 2015, the defendant was dating the victim. While visiting the defendant's grandmother on November 8, 2015, the victim and the defendant started arguing about the defendant allegedly cheating on the victim with another woman. As the argument continued and the victim began yelling at the defendant, the defendant grabbed the victim by her arms and threw her against a television stand. The victim got up and yelled at the defendant to "get out of [her] life." The defendant threw the victim to the floor again and punched her "more than 20 times." The victim attempted to call the police but the defendant grabbed the telephone and told the victim that she was "not calling nobody." The defendant left the apartment and an upstairs neighbor called the police. The defendant turned himself in to the police later that evening.
Discussion. A. Prior bad acts evidence. The Commonwealth moved in limine to admit evidence of eight prior incidents of the defendant's physical abuse of the victim. The Commonwealth argued that these alleged prior acts help show the nature of the relationship between the defendant and the victim, and negate any self-defense claim. The judge granted the motion in part, allowing the Commonwealth to introduce five of the alleged prior bad acts, including a photograph, through the victim's testimony.[2] The defendant maintains that the judge erred in admitting such evidence because the evidence was unfairly prejudicial.
"Evidence of prior bad acts is not admissible to show a defendant's bad character or propensity to commit the charged crime, but may be admissible if relevant for other purposes such as common scheme, pattern of operation, identity, intent, or motive." Commonwealth v. Oberle, 476 Mass. 539, 550 (2017). The judge must determine whether the probative value of the evidence outweighs any undue prejudice to the defendant. See Mass. G. Evid. § 403 (2018). "Determinations of the relevance, probative value, and prejudice of such evidence are left to the sound discretion of the judge, whose decision to admit such evidence will be upheld absent clear error." Commonwealth v. Robidoux, 450 Mass. 144, 158-159 (2007).
"It is well established that in appropriate cases, a defendant's prior acts of domestic violence may be admitted for the purpose of showing a 'defendant's motive and intent and to depict the existence of a hostile relationship between the defendant and the victim.' " Oberle, supra at 550, quoting from Commonwealth v. Linton, 456 Mass. 534, 551 (2010). Here, evidence of the defendant's alleged prior acts against the victim were introduced for such purpose. Moreover, the admission of photographs "rests almost entirely in the discretion of the judge ... [and] [i]t is a 'rare instance [ ] in which the probative value of [such] evidence is [so] overwhelmed by its inflammatory potential' that reversal would be warranted' (citation omitted)." Id. at 551, quoting from Commonwealth v. Bradshaw, 385 Mass. 244, 270 (1982). While the photo here was inflammatory and showed extensive injuries to the victim's face from an alleged prior incident with the defendant, its probative value was not outweighed by unfair prejudice to the defendant. Furthermore, the judge carefully instructed the jury during the final charge that the evidence of prior acts may be considered "solely for the limited purpose of showing the nature of the relationship between the defendant and [the victim] or for the purpose of showing the state of mind of the defendant on the date of these allegations or to rebut any inference of self-defense on the part of the defendant." The judge also instructed that the jury "may not consider this evidence for any other purpose." We presume "[a] certain measure of jury sophistication," Commonwealth v. Kozec, 399 Mass. 514, 517 (1987), and that the jury will abide by the judge's instructions. See Commonwealth v. Pope, 406 Mass. 581, 588 (1990). We see no abuse of discretion in the judge's decision to allow in evidence the photograph and testimony of the defendant's alleged prior acts against the victim.
B. Hostile witness. Lastly, the defendant maintains that the judge abused his discretion in allowing the Commonwealth to treat the grandmother as a hostile witness. "The 'decision whether to allow leading questions [is] left for the most part to the wisdom and discretion of the trial judge.' " Commonwealth v. Ridge, 455 Mass. 307, 326-327 (2009), quoting from Commonwealth v. Flynn, 362 Mass. 455, 467 (1972) (citation omitted). "It is not improper to allow leading questions where a witness's testimony is evasive, ambiguous, or inconsistent." Ibid. Here, the Commonwealth called the grandmother as a witness to the November 8, 2015, incident. While the Commonwealth questioned the grandmother on the details of the incident, she continuously claimed a lack of memory. After the Commonwealth attempted to refresh the grandmother's memory using the November 8 police report, which contained statements the grandmother made to the police on the day of the incident, she continued to evade answering questions by making statements such as: "If that's what [the police report] say[s] I said then I said it" and "I can't remember what the statement said I said, whatever the statement said I said." The Commonwealth subsequently sought to declare the grandmother a hostile witness. The judge allowed the Commonwealth's request due to the grandmother's "demeanor, her testimony today and the background in this case that I am aware." The judge found that the grandmother was "feigning lack of memory with respect to the details in this case that she expects would be damaging to her grandson's case, the grandson whom she has testified she loves very much." This decision was not an abuse of discretion. The defendant's remaining claims have not been overlooked; they do not require discussion.
Judgment affirmed.

The judge precluded three of the prior bad acts due to remoteness.